1 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
2 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
3 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
4 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
5 n.2 (9th Cir. 2006) (en banc) (citations omitted).

6 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
7 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
8 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
9 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
10 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
12 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

14 Plaintiff alleges that his father was diagnosed with dementia. ECF No. 1 at 2. Prior to his
15 father's diagnosis, plaintiff has access to the family trust to pay for plaintiff's expenses. *Id.*
16 However, following the diagnosis, defendant (plaintiff's brother) unilaterally removed plaintiff's
17 access to all the trust-related funds and has refused to provide any financial support to plaintiff,
18 even for expenses related to their father. *Id.* at 3. Plaintiff alleges that as a result of defendant's
19 actions, plaintiff has been forced to file for Chapter 7 bankruptcy. *Id.*

20 Plaintiff asserts claims for breach of fiduciary duty, elder financial abuse, conversion,
21 fraud and intentional misrepresentation, constructive trust and accounting, intentional infliction of
22 emotional distress, and violation of the bankruptcy stay. *Id.* at 4-5.

23 The only apparent federal claim is violation of an automatic bankruptcy stay, pursuant to
24 11 U.S.C. § 362. To state a claim for violation of the bankruptcy stay, a plaintiff must show that
25 "(1) a bankruptcy petition was filed; (2) the debtor is an individual; (3) the creditor received
26 notice of the petition; (4) the creditor's actions were in willful violation of the stay; and (5) the
27 debtor suffered damages." *In re Bertuccio*, 414 B.R. 604, 611 (Bankr. N.D. Cal. 2008). Plaintiff
28 has failed to state such a claim. For starters, plaintiff's bankruptcy action, Case No. 25-20501,

has been closed, and the stay is no longer in place. *See In re Townley*, No. BAP WW-10-1397, 2011 WL 6934444, at *6 (B.A.P. 9th Cir. Nov. 7, 2011), *aff'd*, 553 F. App'x 731 (9th Cir. 2014) ("Upon dismissal of debtors' case, the automatic stay terminated by operation of law."). More fundamentally though, there is no allegation either that defendant is a creditor or that he took any actions violative of the stay. Indeed, plaintiff alleges that he filed for Chapter 7 bankruptcy because he was no longer allowed to take money from his father's trust, not that defendant took any action that violated the previously-in-effect stay.

Plaintiff's remaining causes of action allege violations of California law. Because the complaint fails to establish diversity jurisdiction, the court's jurisdiction depends on whether the plaintiff asserts a claim arising under federal law.[1] *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Since plaintiff has not stated a federal claim, I recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will

---

[1] The complaint does not allege diversity of the parties. Indeed, it alleges that both plaintiff and defendant are California residents. ECF No. 1-1 at 1.

supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4