UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FAVIS, | Case No. 2:25-cv-1083-TLN-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL JOSEPH FAVIR, | |
| Defendant. | |

Plaintiff' alleges that his brother, Michael Favis, improperly restricted his access to their father's trust, leaving him destitute. As with his earlier complaint, plaintiff's first amended complaint, which alleges only state law claims, fails to establish this court's subject matter jurisdiction. Accordingly, I recommend that the amended complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he previously received distributions from the father's trust, which he relied on to cover living expenses. ECF No. 4 at 2. He claims that in March 2025, after his father was diagnosed with dementia, defendant wrongfully revoked plaintiff's access to the trust's assets, leaving him destitute and forcing him to file bankruptcy. *Id.* Plaintiff also alleges that defendant concealed trust bank statements in violation of California law and improperly withdrew approximately $2 million from the trust's real estate equity. *Id.* at 3. The amended complaint includes causes of action for breach of fiduciary duty, elder abuse, conversion, fraud and intentional misrepresentation, constructive trust and accounting, and intentional infliction of emotional distress. *Id.* at 3-5.

Because plaintiff alleges only state law claims, the court's the court's jurisdiction depends on diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Like his prior complaint, the amended complaint specifically alleges that both plaintiff and his brother reside in California. ECF No. 4 at 2. Thus, plaintiff's allegations reflect that diversity of citizenship is lacking.

Plaintiff's amended complaint contains the same deficiency that I found in his first, *see* ECF Nos. 1 & 3, and I therefore find that granting further opportunities to amend would be futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). Accordingly, I recommend the amended complaint be dismissed without leave to amend.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: ___May 9, 2025___   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE